JAMES W. BOYNTON *vs.* HALE REMINGTON & another.

It is no libel upon a dealer in coal in L. who has advertised genuine Franklin coal for sale, to publish the following advertisement: "Caution. The subscribers, the only shippers of the true and original Franklin coal, notice that other coal-dealers in L. than our agent J. S., advertise Franklin coal. We take this method of cautioning the public against buying of other parties than J. S., if they hope to get the genuine article, as we have neither sold nor shipped any Franklin coal to any party in L. except our agent, J. S."

TORT. The declaration set forth that the plaintiff was a " coal-dealer " in Lowell, and kept and advertised for sale the genuine, true and original Franklin coal, which had been shipped by the defendants, and the defendants, well knowing the premises, published of and concerning the plaintiff the following advertisement: " Caution. The subscribers, the only shippers of the true and original Franklin coal, notice that other coal-dealers in Lowell than our agent, Mr. W. E. Livingston, advertise Franklin coal. We take this method of cautioning the public against buying of other parties than Mr. Livingston, if they hope to get the genuine article, as we have neither sold nor shipped any Franklin coal to any party in Lowell, except our agent Mr. Livingston. Remington & Henry. Delaware City, Delaware, Dec. 8, 1859." The declaration further alleged special damages. The defendants filed a general demurrer, which was sustained in the superior court and judgment ordered thereon for the defendants. The plaintiff appealed to this court.

*R. B. Caverly*, for the plaintiff.

*W. P. Webster*, for the defendants.

BIGELOW, C. J. The publication set out in the declaration is not libellous. It does not hold the plaintiff up to hatred, contempt or ridicule. It simply asserts that the defendants had

neither sold nor shipped any Franklin coal to any person in
Lowell except to their agent, Mr. Livingston.   The truth of this
assertion is not denied in the declaration.   Nor does the publi-
cation allege that the plaintiff does not sell the genuine Franklin
coal.   It contains only a caution to the public to deal with the
agent of the defendants, if they wished to procure the genuine
article.   This was within the privilege of fair dealing, and can-
not be tortured into a disparagement of the plaintiff's character.

*Demurrer sustained.*